**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

CRISTIAN ANDRES
HERNANDEZ GARCES

CIVIL ACTION NO. 26-1545

VERSUS

JUDGE S. MAURICE HICKS, JR.

WARDEN WINN CORRECTIONAL
CENTER, ET AL.

MAGISTRATE JUDGE MCCLUSKY

**MEMORANDUM ORDER**

Before the Court is an Emergency Motion for Immediate Release Without Monetary Bond (Record Document 2) filed by *pro se* Petitioner Cristian Andres Hernandez Garces ("Petitioner"). Petitioner also filed a Petition for Writ of Habeas Corpus challenging his continued immigration detention. See Record Document 1. Petitioner seeks immediate release from ICE custody, alleging that his continued detention violates due process and that he has experienced inadequate medical care while detained at Winn Correctional Center. See Record Documents 1 & 2. Specifically, Petitioner alleges that he has experienced persistent "coughing, flu-like symptoms, body aches, and severe ear pain," and contends that he has not received adequate medical treatment. Record Document 1 at 6.

An applicant for a Temporary Restraining Order ("TRO") must demonstrate each of the following: (1) a substantial likelihood his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) granting the injunction will not disserve the public interest. See Misquitta v. Warden Pine Prairie ICE Processing Center, 353 F. Supp. 518, 521 (W.D. La. Nov. 16, 2018) (citing

<u>Piedmont Heights Civic Club, Inc. v. Moreland</u>, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny a TRO lies in the district court's discretion. <u>See</u> <u>Moore v. Brown</u>, 868 F.3d 398, 402 (5th Cir. 2017).  Courts should deny such motions more often than not. <u>See</u> <u>Albright v. City of New Orleans</u>, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); <u>see also</u> <u>Suburban Propane, L.P. v. D & S GCTX LLC</u>, 2025 WL 2429087, at *2 (W.D. Tex. 2025) (holding that the extraordinary relief under Rule 65 must be "unequivocally show[n]."); <u>see also</u> <u>Anderson v. Jackson</u>, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

In this case, Petitioner seeks injunctive relief that mirrors the relief requested in his Habeas Petition, that is, immediate release.  Recently, another judge within this District decided a similarly situated case, stating:

> The Supreme Court, very recently, reminded lower courts that preliminary injunctions are, as their name suggests, preliminary and should "not conclusively resolve legal disputes."  <u>Lackey v. Stinnie</u>, 604 U.S. 192, 200 (2025).  In other words, they should not be used to rule on the final, merits question.
> Rather, TROs and preliminary injunctions help "preserve the status quo until a trial" or other final disposition is rendered.  Id. at 193. That begs the question: what does it mean to preserve the status quo? While the words "status quo" do not appear within Rule 65 . . . , it is implicit in the "irreparable harm" prong.  . . .  Irreparable harm must also take away "the court's ability to render a meaningful decision on the merits." <u>Canal Auth. of the State of Florida v. Callaway</u>, 489 F.2d 567, 573 (5th Cir. 1974); <u>see also</u> Samuel L. Bray, The Purposes of the Preliminary Injunction, 78 Vand. L. Rev. 809, 823–26 (2025) (concluding the same after probing Founding-era sources). Put differently, "[t]here is always a status quo. There should not be a preliminary injunction to protect it, however, unless the court's ability to render a meaningful decision on the merits would otherwise be in jeopardy." <u>Callaway</u>, 489 F.2d at 573.

Pema Sherpa v. Judith Almodovar, et al., No. 3:25-CV-01718 SEC P, 2026 WL 74401, at *2 (W.D. La. Jan. 9, 2026).  A ruling on the instant Motion should not resolve the legal disputes in this case.  Thus, to the extent Petitioner asks for an order of immediate release from custody, the Court views this request as an effort to obtain a ruling on the merits of his Habeas Petition through injunctive relief. Petitioner's motion for injunctive relief is essentially a motion to decide the habeas petition now. See Garcia-Aleman v. Thompson, No. SA-25-CV-00886-OLG-HJB, 2025 WL 3769302, at *1 (W.D. Tex. Oct. 30, 2025). The issues raised in the motion are more appropriately addressed through the ordinary adjudication of the habeas petition.

However, the Court notes Petitioner's allegations regarding ongoing medical issues and alleged lack of treatment while detained. Without expressing any opinion on the merits of those allegations, the Court finds that a status report regarding Petitioner's current medical condition and treatment is appropriate.

Accordingly,

**IT IS ORDERED** that the Emergency Motion for Immediate Release Without Monetary Bond (Record Document 2) be and is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Respondents shall file a status report within fourteen (14) days of the issuance of this Memorandum Order addressing Petitioner's current medical condition, any medical evaluation or treatment provided to Petitioner, and Petitioner's current access to medical care while detained.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 21st day of May, 2026.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE

3